The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. C05-0265 TSZ |
| Plaintiff, | |
| v. | |
| 9125-8954 QUEBEC INC., D.B.A. GLOBAL MANAGEMENT SOLUTIONS, a Canadian corporation; 9125-8947 QUEBEC INC., D.B.A. COMMUTEL MARKETING, and D.B.A. MARKETING USA, a Canadian corporation; 6050808 CANADA INC., D.B.A. AMERICAN BUSINESS SOLUTIONS, a Canadian corporation; TY NGUYEN, individually and as a director or officer of Global Management Solutions and Commutel Marketing/Marketing USA; CORY KORNELSON, individually and as a director or officer of Global Management Solutions; BYRON STECZKO, individually and as a director or officer of Commutel Marketing/Marketing USA; PHONG ANH VO, individually and as a director or officer of Commutel Marketing/Marketing USA; KELLY NGUYEN, individually and as a director or officer of American Business Solutions; and MINH TAM VO, individually and as a director or officer of American Business Solutions, | AMENDED DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AS TO DEFENDANT 6050808 CANADA INC., D.B.A. AMERICAN BUSINESS SOLUTIONS |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission"), having filed a complaint under

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain

permanent injunctive relief, rescission of contracts, restitution, disgorgement, and other equitable relief for defendant's deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Clerk of the Court having entered a default against defendant 6050808 Canada Inc., d.b.a. American Business Solutions (hereinafter "defendant"), and the Court having considered the pleadings, declarations, exhibits, and memoranda filed by plaintiff, and now being advised in the premises, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule CR 55(b)(2), makes the following findings and enters the following Permanent Injunction:

**FINDINGS**

A.      This Court has jurisdiction of the subject matter of this action and of the parties hereto.  Venue in the Western District of Washington at Seattle is proper.

B.      The Commission is charged, *inter alia*, with responsibility for administering and enforcing Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices in or affecting commerce.

C.      The activities of the defendant are in or affecting commerce, as "commerce" is defined in 15 U.S.C. § 44.

D.      This action was instituted by the Commission under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).  The Commission seeks permanent injunctive relief and monetary and other redress for alleged unfair and deceptive acts or practices by the defendant in connection with telemarketing business directories and listings in business directories to U.S. businesses.  Pursuant to Section 13(b) of the FTC Act, the Commission has the authority to seek the relief it has requested.

E.      The Complaint states a claim upon which relief may be granted against defendant under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

F.      Defendant was served with the Complaint and Summons as required by Rule 4 of the Federal Rules of Civil Procedure.

G.      Defendant failed to file an answer with the Clerk of Court within the time set forth by Rule 12(a) of the Federal Rules of Civil Procedure.

H.      The Clerk of this Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule CR 55(a), entered a default against defendant on August 19, 2005. The FTC is therefore entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule CR 55(b)(2).

I.      The Court now finds that, in connection with telemarketing business directories and listings in business directories to U.S. businesses, defendant violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by falsely representing, directly or by implication, that:

    1.      consumers have previously authorized the purchase of the business directory and/or listing in the directory;

    2.      consumers have agreed to purchase the business directory and/or listing in the directory;

    3.      consumers can review the business directory on a trial basis without incurring financial obligation; and

    4.      consumers owe money to defendant for the business directory and/or listing in the directory.

J.      Defendant has caused consumer injury in the amount of $908,710 (US).

K.      Defendant is likely to continue to engage in the activities alleged in the Complaint unless it is prohibited from making or assisting in making false or misleading statements or representations in connection with the advertising, offering for sale, or sale of any good or service.

L.      Plaintiff is entitled to permanent injunctive relief, consumer redress, and disgorgement from defendant in the forms and amounts set forth below.

M.      Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order the following definitions shall apply:

A.      "Assisting" means providing substantial assistance or support to any person.  For purposes of this Order, providing substantial assistance or support includes, but is not limited to: (a) preparing, printing, or transmitting invoices; (b) recording or verifying sales solicitations; (c)

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   performing customer service functions including, but not limited to, receiving or responding to

2   consumer complaints, obtaining or receiving identifying and financial information from consumers,

3   and communicating with consumers on behalf of the seller or telemarketer; (d) developing,

4   providing, or arranging for the development or provision of sales scripts or any other marketing

5   material; (e) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (f)

6   developing, providing, or arranging for the provision of names of potential customers; (g)

7   collecting or arranging for the collection of accounts receivable or other amounts owed; (h)

8   providing or arranging for the provision of post office boxes or the services of commercial mail

9   receiving agencies; or (i) performing or providing marketing services of any kind.

10          B.      "Customer" means any person who has paid, or may be required to pay, for goods

11   or services offered for sale or sold by the defendant.

12          C.      "Defendant" means 6050808 Canada Inc., d.b.a. American Business Solutions.

13          D.      "Material" means likely to affect a person's choice of, or conduct regarding, goods

14   or services.

15          E.      "Person" means any natural person and any organization or other legal entity,

16   including a corporation, partnership, sole proprietorship, limited liability company, association,

17   cooperative, government agency, or any other group or combination acting as an entity.

18          F.      "Telemarketing" means any business activity (including, but not limited to,

19   initiating or receiving telephone calls, managing others who initiate or receive telephone calls,

20   operating an enterprise that initiates or receives telephone calls, owning an enterprise that initiates

21   or receives telephone calls, or otherwise participating as an officer, director, employee or

22   independent contractor in an enterprise that initiates or receives telephone calls) that involves

23   attempts to induce consumers to purchase any item, good, service, membership, partnership

24   interest, trust interest or other beneficial interest, or to enter a contest for a prize, by means of

25   telephone sales presentations, either exclusively or in conjunction with the use of other forms of

26   marketing. *Provided, however,* that the term "telemarketing" shall not include transactions that

27   are not completed until after a face-to-face contact between the seller or solicitor and the

28   consumer solicited.

AMENDED DEFAULT JUDGMENT AND ORDER - 4

## ORDER

## I.  BAN ON CERTAIN ACTIVITIES

**IT IS THEREFORE ORDERED** that defendant is hereby permanently restrained and enjoined from engaging, participating or assisting others in the advertising, promoting, telemarketing, offering for sale, selling or distributing of business directories and/or listings in business directories to U.S. residents.

## II.  PROHIBITED BUSINESS PRACTICES

**IT IS FURTHER ORDERED** that defendant, its successors and assigns, and its officers, agents, directors, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division or other device, or any of them, in connection with the advertising, promoting, telemarketing, offering for sale, selling or distributing of any good or service to U.S. residents, are hereby permanently restrained and enjoined from:

A.    Misrepresenting, expressly or by implication:

      1.    That consumers have previously authorized the purchase of a good or service;

      2.    That consumers have agreed to purchase a good or service;

      3.    That consumers have a trial period during which they can review a good or service without incurring financial obligation;

      4.    That consumers owe money for a good or service;

      5.    Any material fact regarding a good or service; and

      6.    Any material fact regarding the terms, conditions, and limitations of any refund or guarantee policy;

B.    Failing to disclose in outbound telemarketing calls to consumers, promptly and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

C.    Failing to disclose in outbound telemarketing calls to consumers, in a clear and

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   conspicuous manner, all material terms, conditions, and limitations of any refund or guarantee

2   policy or any policy of non-refundability;

3          D.       Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, including any

4   amendments thereto; and

5          E.       Assisting others who violate any provision of Section II of this Order.

6          **III.   PROHIBITED DISCLOSURE OF CUSTOMER INFORMATION**

7          **IT IS FURTHER ORDERED** that defendant, its successors and assigns, and its officers,

8   agents, directors, servants, employees, and attorneys, and those persons in active concert or

9   participation with them who receive actual notice of this Order by personal service or otherwise,

10  whether acting directly or through any person, trust, corporation, subsidiary, division or other

11  device, or any of them, are hereby permanently restrained and enjoined from selling, renting,

12  leasing, transferring, or otherwise disclosing the name, address, telephone number, Social Security

13  number, credit card number, bank account number, e-mail address or other identifying information

14  of any person who paid any money to defendant at any time prior to entry of this Order for any

15  business directory and/or any listing in a business directory. *Provided, however*, that defendant

16  may disclose such identifying information to a law enforcement agency or as required by any law,

17  regulation or court order.

18         **IV.  CEASING COLLECTION ON ACCOUNTS**

19         **IT IS FURTHER ORDERED** that defendant, its successors and assigns, and its officers,

20  agents, directors, servants, employees, and attorneys, and those persons in active concert or

21  participation with them who receive actual notice of this Order by personal service or otherwise,

22  whether acting directly or through any person, trust, corporation, subsidiary, division or other

23  device, or any of them, are hereby permanently restrained and enjoined from collecting or

24  attempting to collect payment for the defendant's business directory and/or listing in the directory,

25  directly or through any third party, on any account established prior to entry of this Order.

26

27

28

AMENDED DEFAULT JUDGMENT AND ORDER - 6

## V. RETURN OF MAIL

**IT IS FURTHER ORDERED** that:

A.     The Commission shall return, or arrange to have returned, to consumers all uncashed checks and other negotiable instruments in the Commission's possession that were sent to defendant in response to defendant's telemarketing of its business directory and/or listing in the directory to U.S. residents, including all such mail delivered to a U.S. Post Office or private mail box address; and

B.     The defendant shall forfeit all rights and interests in any uncashed check and other negotiable instrument sent to defendant in response to defendant's telemarketing of its business directory and/or listing in the directory to U.S. residents.

## VI.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.     Judgment is entered in favor of the FTC and against defendant in the amount of nine hundred eight thousand seven hundred ten dollars ($908,710) (US);

B.     All funds received pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendant's practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as disgorgement.  Defendant shall have no right to challenge the Commission's choice of remedies under this Section.  Defendant shall have no right to contest the manner of distribution chosen by the Commission.  No portion of funds received pursuant to this judgment shall be deemed a payment of any fine, penalty, or punitive assessment.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

## VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this 16th day of  November , 2005.

Thomas S. Zilly
United States District Judge

Respectfully Submitted,

s/Kathryn C. Decker
Kathryn C. Decker, WSBA #12389
Julie K. Mayer, WSBA #34638
915 Second Ave., Suite 2896
Seattle, WA 98174
206-220-4486 (Decker)
206-220-4475 (Mayer)
206-220-6366 (fax)
kdecker@ftc.gov
jmayer@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission