The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>9125-8954 QUEBEC INC., D.B.A. GLOBAL MANAGEMENT SOLUTIONS, a Canadian corporation;<br>9125-8947 QUEBEC INC., D.B.A. COMMUTEL MARKETING, and D.B.A. MARKETING USA, a Canadian corporation;<br>6050808 CANADA INC., D.B.A. AMERICAN BUSINESS SOLUTIONS, a Canadian corporation;<br>TY NGUYEN, individually and as a director or officer of Global Management Solutions and Commutel Marketing/Marketing USA;<br>CORY KORNELSON, individually and as a director or officer of Global Management Solutions;<br>BYRON STECZKO, individually and as a director or officer of Commutel Marketing/Marketing USA;<br>PHONG ANH VO, individually and as a director or officer of Commutel Marketing/Marketing USA;<br>KELLY NGUYEN, individually and as a director or officer of American Business Solutions; and<br>MINH TAM VO, individually and as a director or officer of American Business Solutions,<br><br>Defendants. | Case No. C05-0265 TSZ<br><br>**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT BYRON STECZKO** |

Plaintiff Federal Trade Commission ("Commission" or "FTC"), pursuant to Section 13(b)

of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed its Complaint for

STIP. PERMANENT INJUNCTION - 1

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

Injunctive and Other Equitable Relief, including consumer redress, alleging that defendants 9125-8954 Quebec Inc., d.b.a. Global Management Solutions; 9125-8947 Quebec Inc., d.b.a. Commutel Marketing and Marketing USA; 6050808 Canada Inc., d.b.a. American Business Solutions; Ty Nguyen, a.k.a. Hiep Manh Nguyen; Cory Kornelson; Byron Steczko; Kelly Nguyen, a.k.a. Phu Minh Huy Nguyen, and Minh Tam Vo engaged in deceptive acts and practices in connection with telemarketing business directories and/or listings in business directories to U.S. consumers, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  The Commission later filed an Amended Complaint adding Phong Anh Vo as a defendant.

The Commission and defendant Byron Steczko, having been represented by counsel and acting by and through said counsel, have consented to the entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order"), which resolves all matters and claims in dispute between them arising from the Complaint up to the date of entry of this Order, on the following terms and conditions, without a trial or adjudication of any issue of law or fact.

NOW, THEREFORE, the Commission and defendant Byron Steczko having requested the Court to enter this Order, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS**

A.      This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  Pursuant to this section, the Commission has the authority to seek the relief contained herein.

B.      The Commission's Complaint states a claim upon which relief may be granted against defendant under Sections 5(a) and 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a) and 53(b).

C.      This Court has jurisdiction over the subject matter of this case and all parties hereto.  Venue in the Western District of Washington at Seattle is proper.

D.      The alleged activities of defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

E.      The parties shall each bear their own costs and attorney's fees incurred in this action and have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412,

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

*amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and all rights to seek judicial review or otherwise to challenge the validity of this Order.

F.      This Order does not constitute, and shall not be interpreted to constitute, either an admission by defendant or a finding by the Court that defendant has engaged in any violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), or any other law or regulation.

G.      Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A.      "Asset" means any legal or equitable interest in, right to, or claim to, any real and personal property including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, funds, monies, and all cash, wherever located.

B.      "Assisting" means providing substantial assistance or support to any person.  For purposes of this Order, providing substantial assistance or support includes, but is not limited to:  (a) preparing, printing or transmitting invoices; (b) recording or verifying sales solicitations; (c) performing customer service functions including, but not limited to, receiving or responding to consumer complaints, obtaining or receiving identifying and financial information from consumers, and communicating with consumers on behalf of the seller or telemarketer; (d) developing, providing or arranging for the development or provision of sales scripts or any other marketing material; (e) verifying, processing, fulfilling or arranging for the fulfillment of orders; (f) developing, providing or arranging for the provision of names of potential customers; (g) collecting or arranging for the collection of accounts receivable or other amounts owed; (h) providing or arranging for the provision of post office boxes or the services of commercial mail receiving agencies; or (i) performing or providing marketing services of any kind.

C.      "Corporate defendants" means 9125-8954 Quebec Inc., d.b.a. Global Management Solutions; and 9125-8947 Quebec Inc., d.b.a. Commutel Marketing and Marketing USA.

D.      "Customer" or "Consumer" means any person who is or may be required to pay

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

for goods or services offered for sale or sold by the corporate defendants.

E.      "Defendant" means Byron Steczko.

F.      "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

G.      "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

H.      "Person" means any natural person and any organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, government agency, or any other group or combination acting as an entity.

I.      "Telemarketing" means a plan, program or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

### I.  BAN ON CERTAIN ACTIVITIES

**IT IS THEREFORE ORDERED** that defendant is hereby permanently restrained and enjoined from engaging, participating or assisting others in the advertising, promoting, telemarketing, offering for sale, selling or distributing of business directories and/or listings in business directories to U.S. residents.

### II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that defendant, his successors and assigns, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division, or other device, in connection with the advertising, promoting, telemarketing, offering for sale, selling or

STIP. PERMANENT INJUNCTION - 4

distributing of any good or service to U.S. residents, are hereby permanently restrained and enjoined from:

    A.    Misrepresenting, expressly or by implication:

        1.    That consumers have previously authorized the purchase of a good or service;

        2.    That consumers have agreed to purchase a good or service;

        3.    That consumers have a trial period during which they can review a good or service without incurring financial obligation;

        4.    That consumers owe money for a good or service;

        5.    Any material fact regarding a good or service; and

        6.    Any material fact regarding the terms, conditions, and limitations of any refund or guarantee policy;

    B.    Failing to disclose in outbound telemarketing calls to consumers, promptly and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

    C.    Failing to disclose in outbound telemarketing calls to consumers, in a clear and conspicuous manner, all material terms, conditions, and limitations of any refund or guarantee policy, or any policy of non-refundability;

    D.    Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, including any amendments thereto; and

    E.    Assisting others who violate any provision of Section II of this Order.

### III.  PROHIBITED DISCLOSURE OF CUSTOMER INFORMATION

    **IT IS FURTHER ORDERED** that defendant, his successors and assigns, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division or other device, are hereby permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, Social Security number, credit card

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

number, bank account number, e-mail address or other identifying information of any person who paid any money to defendant or any corporate defendant at any time prior to entry of this Order for the corporate defendants' business directory and/or listing in the business directory. *Provided, however*, that defendant may disclose such identifying information to a law enforcement agency or as required by any law, regulation or court order.

## IV.  CEASING COLLECTION ON ACCOUNTS

**IT IS FURTHER ORDERED** that defendant, his successors and assigns, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division or other device, are hereby permanently restrained and enjoined from collecting or attempting to collect payment for the corporate defendants' business directory and/or listing in the business directory, directly or through any third party, on any account established prior to entry of this Order.

## V.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered against defendant in the amount of $3,819,481 (US) as restitution for consumer injury; *provided, however*, that this judgment shall be suspended subject to the conditions set forth in Section VI of this Order; and

B.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendant's practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as disgorgement.  Defendant shall have no right to challenge the Commission's choice of remedies under this Section.  Defendant shall have no right to contest the manner of distribution chosen by the Commission.  No portion of any payments under the

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  judgment shall be deemed a payment of any fine, penalty or punitive assessment.  Defendant

2  agrees that the facts as alleged in the Complaint filed in this action shall be taken as true for

3  purposes of any subsequent proceedings to enforce payment required by this Section.

### VI. RIGHT TO REOPEN AND TERMINATE SUSPENSION

5  **IT IS FURTHER ORDERED** that, by agreeing to this Order, defendant reaffirms and

6  attests to the truthfulness, accuracy, and completeness of the financial disclosure form ("financial

7  statement"), executed on March 8, 2005, provided to the Commission.  Plaintiff's agreement to

8  this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendant's

9  financial condition as represented in the financial statement referenced above, which contains

10  material information upon which plaintiff relied in negotiating and agreeing to the terms of this

11  Order.  If, upon motion by the Commission, this Court finds that defendant failed to disclose any

12  material asset, materially misrepresented the value of any asset, or made any other material

13  misrepresentation in or omission from the financial statement, the Court shall enter judgment

14  against the defendant, in favor of the Commission, in the amount of $3,819,481 (US) and the

15  entire amount shall become immediately due and payable; *provided, however*, that, in all other

16  respects, this Order shall remain in full force and effect unless otherwise ordered by the Court;

17  and *provided further*, that proceedings instituted under this Section are in addition to and not in

18  lieu of any other civil or criminal remedies as may be provided by law, including any other

19  proceedings the Commission may initiate to enforce this Order.

### VII.  DISSOLUTION OF ASSET FREEZE

21  **IT IS FURTHER ORDERED** that the freeze against defendant's assets pursuant to

22  Section II of the Preliminary Injunction entered by this Court on March 22, 2005, shall be lifted

23  upon entry of this Order.

### VIII. COMPLIANCE REPORTING BY DEFENDANT

25  **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

26  Order may be monitored:

27  A.      For a period of five (5) years from the date of entry of this Order, defendant shall

28  notify the Commission of the following:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1       1.      Any changes in his residence, mailing addresses, and telephone numbers,

2 within ten (10) days of the date of such change;

3       2.      Any changes in his employment status (including self-employment), and

4 any change in his ownership in any business entity, within ten (10) days of the date of such

5 change. Such notice shall include the name and address of each business that he is

6 affiliated with, employed by, creates or forms, or performs services for; a statement of the

7 nature of the business; and a statement of his duties and responsibilities in connection with

8 the business or employment;

9       3.      Any changes in his name or use of any aliases or fictitious names; and

10       4.      Any changes in the corporate structure of any business entity that he

11 directly or indirectly controls, or has an ownership interest in, that may affect compliance

12 obligations arising under this Order including, but not limited to, a dissolution, assignment,

13 sale, merger or other action that would result in the emergence of a successor entity; the

14 creation or dissolution of a subsidiary, parent or affiliate that engages in any acts or

15 practices subject to this Order; the filing of a bankruptcy petition; or a change in the

16 corporate name and address, at least thirty (30) days prior to such change, *provided* that,

17 with respect to any proposed change in the corporation about which the defendant learns

18 less than thirty (30) days prior to the date such action is to take place, defendant shall

19 notify the Commission as soon as practicable after obtaining such knowledge;

20   B.      One hundred eighty (180) days after the date of entry of this Order, defendant shall

21 provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the

22 manner and form in which he has complied and is complying with this Order. This report shall

23 include, but not be limited to:

24       1.      His then-current residence address, mailing addresses, and telephone

25 numbers;

26       2.      His then-current employment and business addresses and telephone

27 numbers, a description of the business activities of each such employer or business, and his

28 title and responsibilities for each such employer or business;

STIP. PERMANENT INJUNCTION - 8

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

3. A copy of each acknowledgment of receipt of this Order obtained pursuant to Section XI of this Order; and

4. Any other changes required to be reported under Section VIII.A of this Order;

C. For the purposes of this Order, defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC 20001

Re: *FTC v. Global Management Solutions, et al., C05-0265 TSZ*

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with defendant.

## IX. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any U.S. business location in defendant's possession, or direct or indirect control, to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means including, but not limited to, the following:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2. Posing as consumers and suppliers to defendant, defendant's employees, or any other entity managed or controlled, in whole or in part, by defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   employer, consultant, independent contractor, representative, agent or employee who has agreed

2   to such an interview, relating in any way to any conduct subject to this Order.  The person

3   interviewed may have counsel present.

4        *Provided, however,* that nothing in this Order shall limit the Commission's lawful use of

5   compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1,

6   to obtain any documentary material, tangible things, testimony, or information relevant to unfair

7   or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C.

8   § 45(a)(1)).

9                                    **X.   RECORD KEEPING**

10       **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

11  of this Order, defendant, in connection with any business where (1) defendant is the majority

12  owner, or directly or indirectly manages or controls the business, and (2) the business is engaged

13  in telemarketing to U.S. residents, or in assisting others engaged in said business, and his agents,

14  employees, corporations, successors and assigns, and those persons in active concert or

15  participation with him who receive actual notice of this Order by personal service or otherwise,

16  are hereby restrained and enjoined from failing to create and retain the following records:

17       A.      Accounting records that reflect the cost of goods or services sold, revenues

18  generated, and the disbursement of such revenues;

19       B.      Personnel records accurately reflecting: the name, address, and telephone number

20  of each person employed in any capacity by such business, including as an independent contractor;

21  that person's job title or position; the date upon which the person commenced work; and the date

22  and reason for the person's termination, if applicable;

23       C.      Customer files containing the names, addresses, telephone numbers, dollar

24  amounts paid, quantity of items or services purchased, and description of items or services

25  purchased, to the extent such information is obtained in the ordinary course of business;

26       D.      Complaints and refund requests (whether received directly, indirectly or through

27  any third party) and any responses to those complaints or requests;

28       E.      Copies of all sales scripts, training materials, advertisements or other marketing

STIP. PERMANENT INJUNCTION - 10

1  materials; and

2      F.    All records and documents necessary to demonstrate full compliance with each

3  provision of this Order including, but not limited to, copies of acknowledgments of receipt of this

4  Order required by Section XI of this Order and all reports submitted to the FTC pursuant to

5  Section IX of this Order.

6              **XI.  DISTRIBUTION OF ORDER BY DEFENDANT**

7      **IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry

8  of this Order, defendant shall deliver copies of this Order as directed below:

9      A.    For any business that defendant controls, directly or indirectly, or in which he has a

10  majority ownership interest, defendant must deliver a copy of this Order to all principals, officers,

11  directors, and managers of that business.  Defendant must also deliver copies of this Order to all

12  employees, agents, and representatives of that business who engage in conduct related to the

13  subject matter of this Order.  For current personnel, delivery shall be within five (5) days of

14  service of this Order upon defendant.  For new personnel, delivery shall occur prior to their

15  assuming their responsibilities;

16      B.    For any business where defendant is not a controlling person, but otherwise

17  engages in conduct related to the subject matter of this Order, defendant must deliver a copy of

18  this Order to all principals and managers of such business before engaging in such conduct; and

19      C.    Defendant must secure a signed and dated statement acknowledging receipt of this

20  Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant

21  to this Section.

22      **XII.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

23      **IT IS FURTHER ORDERED** that defendant, within five (5) business days of receipt of

24  this Order as entered by the Court, must submit to the Commission a truthful sworn statement

25  acknowledging receipt of this Order.

26              **XIII.  COOPERATION WITH FTC COUNSEL**

27      **IT IS FURTHER ORDERED** that defendant shall, in connection with this action or any

28  subsequent investigations related to or associated with the transactions or the occurrences that are

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or cause

2  his officers, employees, representatives or agents to appear, at such places and times as the FTC

3  shall reasonably request, after written notice, for interviews, conferences, pretrial discovery,

4  review of documents, and for such other matters as may be reasonably required by the FTC.  If

5  requested in writing by the FTC, defendant shall appear, or cause his officers, employees,

6  representatives or agents to appear, and provide truthful testimony in any trial, deposition or other

7  proceeding related to or associated with the transactions or the occurrences that are the subject of

8  the Complaint, without the service of a subpoena.

9  ## XIV.  INDEPENDENCE OF OBLIGATIONS

10        **IT IS FURTHER ORDERED** that the provisions of this Order are separate and

11  severable from one another.  If any provision expires, is stayed or is determined to be invalid, the

12  remaining provisions shall remain in full force and effect.

13  ## XV.  RETENTION OF JURISDICTION

14        **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

15  purposes of construction, modification, and enforcement of this Order.

16

17

18

19

20        **SO ORDERED,** this 19th day of July, 2006.

21

22

23                          /s Thomas S. Zilly

24                          _____
                            THOMAS S. ZILLY
25                          United States District Judge

26

27

28

STIP. PERMANENT INJUNCTION - 12